UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAMONT SHOLAR,

                Petitioner,

v.                                                                        Case No. 23-cv-0066-bhl

CHRIS STEVENS,

                Respondent.

## ORDER GRANTING IN PART AND DENYING IN PART RESPONDENT'S MOTION TO DISMISS

       On January 18, 2023, Lamont Sholar filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, asserting five grounds for relief. (ECF No. 1.) At screening, the Court concluded that only four of the five grounds asserted were exhausted and timely. (ECF No. 3.) Sholar chose to abandon the unexhausted ground and proceed on the remaining four. (ECF Nos. 5 & 6.) Sholar is thus pursuing habeas relief on grounds that: (1) the State violated his Fourteenth Amendment due process rights when prosecutors failed to correct false testimony offered by co-defendant Anthony Santiago; (2) he was denied effective assistance of counsel when his attorney failed to investigate and use Santiago's plea transcripts to impeach him; (3) he was denied effective assistance of counsel because his attorney broke a promise made to the jury in his opening statement, failed to impeach Santiago with prior inconsistent statements, and provided cumulatively defective representation; and (4) the State violated his Fourth Amendment rights when it obtained cell site location information (CSLI) from his cell phone without a warrant.

       Respondent has moved to dismiss all but the first ground for relief. (ECF No. 9.) Respondent argues that Sholar's two ineffective assistance of counsel claims are procedurally defaulted because the Wisconsin Court of Appeals rejected them on an adequate and independent state procedural ground. He further contends that Sholar's final ground is barred because Sholar had a full and fair opportunity to litigate this claim in state court. (ECF Nos. 10 & 18.) The Court disagrees with Respondent on the ineffective assistance claims; it is simply not clear that the

Wisconsin Court of Appeals rejected Sholar's ineffective assistance claims on adequate and independent state law grounds. But the Court agrees that Sholar's final ground, based on an alleged Fourth Amendment violation, must be dismissed because Sholar was given a full and fair opportunity to litigate this claim in state court. Accordingly, Respondent's motion to dismiss will be granted in part and denied in part.

## BACKGROUND

In October 2013, Sholar was convicted by a Milwaukee County jury of armed robbery and burglary charges. *State v. Sholar*, No. 2013CF000210, Milwaukee Cnty. Cir. Ct., https://wcca.wicourts.gov/caseDetail.html?caseNo=2013CF000210&countyNo=40&index=0&mode=details. He was sentenced to twenty years of initial confinement followed by eight years of extended supervision. (ECF No. 1-1 at 6.) At trial, the State relied extensively on the testimony of Anthony Santiago, a co-defendant who pleaded guilty to similar charges. *See State v. Sholar*, 963 N.W.2d 575, 2021 WL 2325003, ¶¶2–14 (Wis. Ct. App. 2021) (per curiam) (unpublished table decision). The State also relied on CSLI (from Sholar's cell phone) obtained by subpoena pursuant to Wis. Stat. § 968.375 (2009–10). *Id.* ¶¶17–23.

On September 5, 2017, Sholar filed a motion for postconviction relief in the trial court (Wisconsin Circuit Court Branch 37). (*See* ECF No. 1-1 at 5.) He asked the court to vacate his convictions and suppress phone records or, alternatively, grant a new trial on grounds of prosecutorial misconduct, newly discovered evidence, and ineffective assistance of counsel. (*Id.*) In a written opinion dated March 1, 2018, the circuit court denied his motion without a hearing. (*Id.* at 5–10.)

Sholar appealed the denial in March 2018. *Sholar*, 2021 WL 2325003, ¶19. While his appeal was pending, the U.S. Supreme Court decided *Carpenter v. United States*, 585 U.S. 296 (2018), holding that the government's acquisition of CSLI data constitutes a search under the Fourth Amendment and thus generally requires a warrant. At Sholar's request, the Wisconsin Court of Appeals dismissed his initial appeal to allow him to return to the circuit court to raise a Fourth Amendment claim based on *Carpenter*. *Sholar*, 2021 WL 2325003, ¶19; (ECF No. 1-1 at 17–18.)

On August 22, 2019, the circuit court denied Sholar's supplemental motion for postconviction relief. (ECF No. 1-1 at 19–21.) The court held that *Carpenter* did not help Sholar because the police had obtained his CSLI after making a showing of probable cause, a prerequisite

to their securing a subpoena under Wis. Stat. § 968.375(3)(a) (2009–10). (*Id.* at 19.) The court rejected Sholar's argument that the probable cause finding related to his CSLI did not satisfy the warrant requirement in *Carpenter*, concluding the probable cause standard for obtaining a subpoena under Wis. Stat. § 968.375(3)(a) was not less than the probable cause needed to obtain a warrant. (*Id.* at 20–21.) Thus, the state's collection of Sholar's CSLI did not violate the Fourth Amendment under *Carpenter*. (*Id.*)

Following the denial of Sholar's supplemental postconviction motion, he filed a consolidated appeal in the Wisconsin Court of Appeals. In a lengthy June 8, 2021 per curiam decision, the court of appeals denied his appeal on all grounds. *See Sholar*, 2021 WL 2325003, ¶56. In the section dedicated to Sholar's ineffective assistance claims, the court began by noting that Sholar was arguing that trial counsel's errors, individually and collectively, "compel [the court] to order a *Machner*[1] hearing." *Sholar*, 2021 WL 2325003, ¶42. After describing Sholar's claims, the court proceeded to define the federal constitutional standard for ineffective assistance of counsel delineated in *Strickland v. Washington*, 466 U.S. 668 (1984), with citations to *Strickland* and two Wisconsin cases interpreting the *Strickland* standard. *Sholar*, 2021 WL 2325003, ¶¶42–43. The court then examined and rejected each of Sholar's ineffective assistance claims individually. *See id.* ¶¶44–54. It also concluded that trial counsel's alleged deficiencies did not cumulatively prejudice Sholar's defense. *Id.* ¶55. The court ended its analysis of each claim (and its cumulative analysis) by stating that "the record conclusively demonstrates" that each of Sholar's claims was deficient. *See id.* ¶¶45, 49, 54, 55. The court concluded by stating: "Sholar has not shown that either prong of an ineffective assistance of counsel inquiry was satisfied and a *Machner* hearing is not required." *Id.* ¶56.

In analyzing Sholar's Fourth Amendment claim, the court of appeals identified the standard for obtaining CSLI data set forth in *Carpenter*. *Id.* ¶23. Echoing the trial court, the court of appeals distinguished *Carpenter* on grounds that Sholar's CSLI was obtained pursuant to a subpoena issued by a judicial officer upon a finding of probable cause, thus "satisfying the demands of the Fourth Amendment and *Carpenter*." *Id.* The court also examined Wisconsin law concerning the requirements for a search to comply with the Warrant Clause of the Fourth Amendment and

---

[1] A Wisconsin court may not grant relief on an ineffective assistance of counsel claim without holding a hearing—known as a *Machner* hearing—at which trial counsel testifies. *See State v. Machner*, 285 N.W.2d 905, 908–09 (Wis. Ct. App. 1979).

concluded that the State's motion and the supporting affidavit used to subpoena Sholar's CSLI were sufficient to establish probable cause consistent with the Fourth Amendment. *Id.* ¶¶24–26. The court declined to address Sholar's argument that the Fourth Amendment required a higher standard of probable cause than Wisconsin's subpoena statute, concluding that the search of Sholar's CSLI was supported by probable cause sufficient to satisfy the Fourth Amendment. *Id.* ¶23 n.14.

The Wisconsin Supreme Court denied Sholar's petition for review, *State v. Sholar*, 992 N.W.2d 567 (2021) (unpublished table decision), and this habeas petition followed.

## ANALYSIS

### I. The Wisconsin Court of Appeals Did Not Clearly and Expressly Rely on a State Procedural Rule in Denying Sholar's Ineffective Assistance Claims.

"[A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule." *Whyte v. Winkleski*, 34 F.4th 617, 623 (7th Cir. 2022) (quoting *Davila v. Davis*, 582 U.S. 521 527 (2017) (alterations in original)). But the state court must "clearly and expressly" rely on the state ground in reaching its decision. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991) (quoting *Harris v. Reed*, 489 U.S. 255, 266 (1989)). If, instead, the decision "fairly appears to rest primarily on federal law, or to be interwoven with the federal law," then procedural default does not apply. *Id.* (quoting *Michigan v. Long*, 463 U.S. 1032, 1040–41 (1983)). To determine if a habeas petitioner's claims are procedurally defaulted, a federal court reviews "the decision of the last state court to which the petitioner presented his federal claims." *Id.* In this case, that was the Wisconsin Court of Appeals.

In Wisconsin, ineffective assistance of trial counsel claims must be pursued in a postconviction motion under Wis. Stat. § 974.02 as part of the direct appeal. *Lee-Kendrick v. Eckstein*, 38 F.4th 581, 586 (7th Cir. 2022). A Wisconsin court may not grant relief on such a claim without holding a hearing—known as a *Machner* hearing—at which trial counsel testifies. *See State v. Machner*, 285 N.W.2d 905, 908–09 (Wis. Ct. App. 1979). But a defendant is only entitled to a *Machner* hearing if he "provide[s] sufficient material facts—*e.g.*, who, what, where, when, why, and how—that, if true, would entitle him to the relief he seeks." *State v. Allen*, 682 N.W.2d 433, 446 (Wis. 2004). The Wisconsin Supreme Court recently reiterated the requirements of the *Allen* rule in *State v. Ruffin*: "If the motion does not raise facts sufficient to entitle the defendant to relief, or if it presents only conclusory allegations, or if the record conclusively

demonstrates that the defendant is not entitled to relief, the circuit court has the discretion to grant or deny a hearing." 974 N.W.2d 432, 438 (Wis. 2022). The *Allen* rule is an adequate and independent state law ground for the purposes of procedural default in federal habeas corpus proceedings. *Lee v. Foster*, 750 F.3d 687, 694 (7th Cir. 2014) ("[T]he *Allen* rule is a well-rooted procedural requirement in Wisconsin and is therefore adequate.") (collecting cases).

Respondent argues that the Wisconsin Court of Appeals relied on *Allen* to deny Sholar's ineffective assistance claims, placing them beyond review by this Court. (ECF No. 10 at 4.) Sholar responds that the court of appeals failed to explicitly invoke *Allen* and its decision fairly appears to be interwoven with a merits determination based on federal law. (ECF No. 17 at 3.) Thus, Sholar argues that the state court's decision was not clearly and expressly based on an independent and adequate state ground and his ineffective assistance claims are not procedurally defaulted. Sholar is correct that the court of appeals' decision does not show that it clearly and expressly relied on *Allen* when it rejected his ineffective assistance claims. Accordingly, Respondent's motion will be denied as to those grounds.

In his petition to the Wisconsin Court of Appeals, Sholar argued his trial counsel was ineffective due to a number of errors, including those raised in his habeas petition. *See Sholar*, 2021 WL 2325003, ¶¶42–55. The language employed by the court in denying his appeal suggests that it may have been applying the *Allen* rule in rejecting Sholar's claims. Specifically, *Allen* held that a circuit court has discretion to grant or deny a *Machner* hearing "if the record conclusively demonstrates that the defendant is not entitled to relief." *Allen*, 682 N.W.2d at 437. The court's repeated use of a similar refrain suggests it may have intended to apply that rule. *See Sholar*, 2021 WL 2325003, ¶¶45, 49, 54, 55. But it did not do so expressly. It did not cite *Allen*, *Ruffin*, or any other case that describes the standard for determining if a defendant is entitled to a *Machner* hearing. Nor did it describe that standard itself. Instead, the court began by describing the *Strickland* standard. *Id.* ¶43. It then proceeded to examine Sholar's claims under that federal standard, rejecting each by determining that Sholar had failed to show either deficient performance by trial counsel or resulting prejudice. *See id.* ¶¶45, 49, 54, 55. The only hints that the court of appeals was not solely performing a *Strickland* analysis were two brief mentions of a *Machner* hearing and the repeated refrain that "the record conclusively demonstrates" that Sholar's claims failed. *See id.* ¶¶12, 56. These brief allusions to state procedure—interwoven with the court of

appeals' analysis of federal law—fall short of the "clear[] and express[]" reliance on state procedural grounds required for procedural default. *See Harris*, 489 U.S. at 266.

Respondent's reliance on *Whyte v. Winkleski* to argue the opposite is misplaced. (*See* ECF No. 18 at 2.) In *Whyte*, the Seventh Circuit confirmed that the *Allen* rule constitutes an independent state ground even though it also requires Wisconsin courts to examine the substance of the defendant's underlying claims under the federal *Strickland* standard. *See Whyte*, 34 F.4th at 628. But the issue in this case is not that the court of appeals examined the substance of Sholar's claims under the *Strickland* standard. Rather, the court failed to cite *Allen*, failed to lay out the standard under *Allen* for a *Machner* hearing, and failed to provide any clear and express indication that it was relying on the *Allen* rule in reaching its judgment.

Respondent's other arguments confirm that Sholar's ineffective assistance claims are not procedurally barred. He argues that: "The court's rulings were necessarily applications of the *Allen* rule, because that is all the court had the ability to address in the procedural posture it faced." (ECF No. 10 at 5.) He further posits that: "Every practitioner of criminal law in Wisconsin would recognize the court's ruling in this case as an *Allen* ruling." (ECF No. 18 at 2.) Respondent improperly asks this Court to make assumptions. The relevant standard is whether the state court *clearly and expressly* relied on a state procedural rule to reach its decision. *Coleman*, 501 U.S. at 735. When, as here, the state court may have implicitly relied on a state rule, but that reliance is interwoven with its analysis of the claims under federal law, the State cannot successfully invoke procedural default.[2] *See id.*

## II. Sholar Was Given a Full and Fair Opportunity to Argue His Fourth Amendment Claim Before the Wisconsin Court of Appeals.

A federal court is generally precluded from granting habeas corpus relief based on a state court's failure to suppress evidence collected in violation of the Fourth Amendment. *See Stone v. Powell*, 428 U.S. 465 (1976)). "This is because the exclusionary rule is a 'means of effectuating the rights secured by the Fourth Amendment' by deterring police misconduct, rather than a personal constitutional right of the defendant." *Sutton v. Pfister*, 834 F.3d 816, 820 (7th Cir. 2016) (quoting *Powell*, 428 U.S. at 482, 486). In collateral proceedings, "that deterrent effect is so weak

---

[2] The Court's ruling does not reach the merits of Sholar's ineffective assistance claims. Nor does it call into question the substance of the Wisconsin Court of Appeals' decision rejecting Sholar's claims. In denying Respondent's motion to dismiss as to grounds two and four, the Court concludes only that Sholar's claims are not procedurally defaulted by the state court's reliance on an adequate and independent state ground.

that it is outweighed by the harm of excluding probative evidence." *Id*. "As long as a habeas petitioner enjoyed an 'opportunity for full and fair litigation of a Fourth Amendment claim' in state court, federal habeas review of the claim is barred." *Ben-Yisrayl v. Buss*, 540 F.3d 542, 552 (7th Cir. 2008) (quoting *Powell*, 428 U.S. at 481–82). This requires only an ability to make arguments in state court: "As a general principle, absent a subversion of the hearing process, [the federal district court] will not examine whether the state courts made the right decision." *Id.* (citing *Watson v. Hulick*, 481 F.3d 537, 542 (7th Cir. 2007)). Thus, as long as "the state court heard the claim, looked to the right body of case law, and rendered an intellectually honest decision," Sholar's Fourth Amendment claim must be dismissed. *See Monroe v. Davis*, 712 F.3d 1106, 1114 (7th Cir. 2013).

Sholar contends that habeas review of his claim is not foreclosed because he was not provided a hearing in state court and the state court proceedings were unreasonable and intellectually dishonest based on factual errors, misapplication of state law to a constitutional issue, and a failure to address Sholar's argument that *Carpenter* requires a higher showing of probable cause than Wisconsin's electronic records subpoena statute, Wis. Stat. § 968.375 (2009–10). (*See* ECF No. 17 at 1–2, 6.) Respondent argues that the Wisconsin Court of Appeals' comprehensive seven-page discussion of Sholar's Fourth Amendment claim confirms he was afforded an opportunity for full and fair litigation in state court. (ECF No. 10 at 6; ECF No. 18 at 3–4.)

The Court agrees with Respondent. Sholar is asking the Court to reach the merits of a Fourth Amendment claim that was fully and fairly litigated in state court. The U.S. Supreme Court's ruling in *Powell* forecloses such review.

Sholar insists that habeas review of his Fourth Amendment claim is not barred because he was not afforded a hearing on his claim in either the trial court or at the appellate level. But Sholar misunderstands the standard. *Powell* requires that "the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim." 428 U.S. at 482. That often will include a hearing, particularly in the ordinary course of Fourth Amendment claims, which are often resolved through pretrial suppression hearings. *See, e.g.*, *Cabrera v. Hinsley*, 324 F.3d 527, 532 (7th Cir. 2003) ("[Petitioner] raised the [Fourth Amendment] issue in a suppression hearing prior to trial.") In Sholar's case, however, there was no pretrial suppression hearing because Sholar raised the Fourth Amendment issue only *after* his conviction, following the Supreme Court's *Carpenter* decision. *See Sholar*, 2021 WL 2325003, ¶19. *Powell* requires that the state provide Sholar with

a full and fair opportunity to litigate his Fourth Amendment claim at the state level, not that he be specifically given an actual hearing on his claim.

Sholar's other arguments are essentially that the Wisconsin Court of Appeals reached the wrong decision. He claims the court made factual errors, impermissibly relied on state law in deciding his claim, and failed to reach one of his arguments. (ECF No. 17 at 6.) But this Court's duty is only to ensure that Sholar was given a full and fair opportunity to litigate his claims, not to second guess the reasoning of the state court. *See Ben-Yisrayl*, 540 F.3d at 552. Both the trial court and the Wisconsin Court of Appeals gave considerable attention to Sholar's claim. (*See* ECF No. 1-1 at 18–21); *Sholar*, 2021 WL 2325003, ¶¶21–29. Each considered his argument, applied *Carpenter* to the facts of his case, and found that the Fourth Amendment standard required by *Carpenter* was met in obtaining a subpoena for his CSLI. The court of appeals was not intellectually dishonest in applying state law to interpret Wis. Stat. § 968.375, a state statute, in conjunction with its constitutional analysis. *See Sholar*, 2021 WL 2325003, ¶¶23–24; (*see also* ECF No. 17 at 2 (arguing the court of appeals "[d]idn't render an intellectually honest decision" because it "intermingled or equated" state law with *Carpenter*)). The court also acted properly in applying Wisconsin law interpreting the Warrant Clause of Fourth Amendment. *See Sholar*, 2021 WL 2325003, ¶24. And Sholar is equally wrong to suggest it was unreasonable or intellectually dishonest for the court of appeals not to reach Sholar's argument that *Carpenter* required a higher showing of probable cause than Section 968.375, as doing so was not necessary to resolve his claim. *See id.* ¶23 n.14. The record demonstrates that both the trial court and the court of appeals addressed Sholar's claim, applied the applicable body of law (*Carpenter* and the Warrant Clause of Fourth Amendment), and rendered intellectually honest decisions. Accordingly, Sholar was provided a full and fair opportunity to litigate his Fourth Amendment claim in state court and, under *Powell*, this Court is precluded from reviewing the state court's decision.

## CONCLUSION

As explained above, because the Wisconsin Court of Appeals did not clearly and expressly rely on an adequate and independent state ground in denying Sholar's ineffective assistance of counsel claims, Respondent's motion is denied as to those claims. But Sholar had a full and fair opportunity to litigate his Fourth Amendment claim in state court, so Respondent's motion is granted as to ground four and that claim is dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Respondent's Motion to Dismiss, ECF No. 9, is **GRANTED in part** and **DENIED in part**. Lamont Sholar's fourth ground for habeas relief is dismissed.

Dated at Milwaukee, Wisconsin on April 24, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge