UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAMONT SHOLAR,

          Petitioner,

v.                                              Case No. 23-cv-0066-bhl

CHRIS STEVENS,

          Respondent.

## ORDER DENYING MOTION TO PAY APPELLATE FILING FEE FROM RELEASE ACCOUNT

      Petitioner Lamont Sholar is a Wisconsin state prisoner who is representing himself in connection with a petition for writ of habeas corpus. On May 27, 2025, the Court denied Sholar's petition and denied him a certificate of appealability. (ECF No. 31.) The Clerk entered judgment the same day. (ECF No. 32.) On June 27, 2025, the Court, at Sholar's request, extended his deadline to file a notice of appeal until July 28, 2025. (ECF Nos. 33 & 34.) On July 11, 2025, Sholar moved for an order directing state prison officials to allow him to pay the appellate filing fee with money from his release account. (ECF No. 35.) The Court will deny Sholar's request.

      Wisconsin prisoners have two types of accounts, a regular account and a release account. *Spence v. McCaughtry*, 46 F. Supp. 2d 861, 862 (E.D. Wis. 1999). "A release account is a restricted account maintained by the Wisconsin Department of Corrections to be used upon the prisoner's release from custody upon completion of his sentence." *Wilson v. Anderson*, No. 14-C-798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (citing Wis. Admin. Code § DOC 309.466). Given the purpose of the account, federal courts generally do not allow prisoners to pay full filing fees using release account funds. *See Riker v. Boughton*, No. 16-cv-446-pp, 2020 WL 3316924, at *1 (E.D. Wis. June 18, 2020) (citing *Saddler v. Hewitt*, No. 19-cv-81-jdp, 2019 WL 4242483, at *5 (W.D. Wis. Sep. 6, 2019)). Because Sholar has not established extraordinary circumstances warranting the depletion of his release account, his request will be denied.

      The Court also notes that if Sholar lacks the necessary funds to pay the appellate filing, he may file a motion for leave to proceed without prepayment of the filing fee, or *in forma pauperis*

(IFP).  The Court directs the Clerk to provide Sholar with a copy of the IFP form, to be mailed with this Order.  The motion should accompany his notice of appeal and must contain all information required by Federal Rule of Appellate Procedure 24(a)(1).  To aid the Court in determining if he is indigent, Sholar should also provide his certified trust account statement for the six-month period immediately preceding his notice of appeal.  The Court will not consider the funds in Sholar's release account when determining his ability to pay.  *See Riker*, 2020 WL 3316924, at *1–2.

Accordingly,

**IT IS HEREBY ORDERED** that Sholar's Motion for Order to Allow Filing Fee Payment from Release Account, ECF No. 35, is **DENIED**.

Dated at Milwaukee, Wisconsin on July 21, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge